IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jamel Raekwon Brown #00388867,<br><br>　　　　Plaintiff,<br>　v.<br><br>Peter McCoy, Jr.,<br><br>　　　　Defendant. | Case No. 2:25-cv-07085-RMG<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending Plaintiff's action be summarily dismissed without prejudice, without service of process, or leave to amend. (Dkt. No. 9). The Magistrate Judge advised Plaintiff he had 14 days to file written objections to the R & R and a failure to file written objections would result in clear error review and a waiver of the right to appeal the district court's order. *Id*. at 6. Plaintiff filed no objections to the R & R.

**I.    Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

This actions involves a claim by a pro se state prisoner against his Defense Attorney under 42 U.S.C. § 1983 challenging his attorney's conduct while defending him. The Magistrate Judge recommended the summary dismissal of this action for failure to state a claim. The Magistrate Judge correctly concluded that attorneys—whether in private practice, court appointed, or a public defender—do not act under color of state law when acting as a defense attorney and therefore a § 1983 claim cannot be made against them. (Dkt. No. 9 at 4 citing *Marcantoni v. Bealefeld,* 734 F. App'x 198, 199 (4th Cir. 2018)).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this case and correctly concluded that the case should be summarily dismissed.

## III. Conclusion

In light of the foregoing, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 9) as the Order of the Court and **DISMISSES** Plaintiff's complaint without prejudice, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

  _s/Richard M. Gergel_
  Richard Mark Gergel
  United States District Judge

August 5, 2025
Charleston, South Carolina

2